# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **TASHONA GUILLORY ET AL** | **CASE NO. 2:19-CV-01275** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine filed by plaintiff, seeking to exclude the expert testimony of Jonathon Walter and any other witness untimely disclosed under Federal Rule of Civil Procedure 26. Doc. 28. Defendant opposes the motion. Doc. 33. The matter came before the court for hearing on July 8, 2021, and the undersigned now issues this ruling.

### I. BACKGROUND

This suit arises out of a motor vehicle accident that occurred on June 8, 2017, in Beauregard Parish, Louisiana. Plaintiffs Tashona, Sarah, Naomi, Ira Jeremiah, and Shekinah Guillory allege that they sustained injuries when the vehicle they occupied was struck by Lt. Colonel John Tincher as he was reversing from a parking spot. Doc. 1. Plaintiffs filed this suit against the United States of America, raising claims of negligence under the Federal Tort Claims Act, 28 U.S.C. § 2671. *Id.*

By scheduling order dated April 7, 2021, the court set the trial in this matter for September 27, 2021, and the defendant's expert information/report deadline for June 14, 2021. Doc. 24. On June 4, 2021, however, defense counsel requested an extension of the deadline for furnishing expert reports, specifically based on the inability to obtain a second medical opinion with a neurologist regarding the treatment of Plaintiff Sarah Guillory. Doc. 26. Plaintiffs made no objection to this extension. Doc. 33-2. Accordingly, the court extended the defendant's expert report deadline to July 30, 2021. Doc. 27. On June 23, 2021, defense counsel informed plaintiffs' counsel that she had retained Jonathon Walter, a biomechanical engineer expert, and that the report would be forthcoming. Doc. 33-4. Plaintiffs' counsel then filed the instant Motion in Limine on June 29, 2021, asserting that Jonathon Walter's testimony should be excluded for the defense's failure to timely make required disclosures. Doc. 28-1. Plaintiffs further contend that no good cause exists to justify modification of the scheduling order. *Id.* Defendant responds that its disclosure is not untimely based on the court's order of June 9, 2021. Doc. 33. In addition, defendant maintains that even if the court concludes that its designation of Jonathon Walter is untimely, exclusion of the expert's testimony is unwarranted. *Id.*

## II. LAW & APPLICATION

Under Federal Rule of Civil Procedure 26(a)(2)(B), a witness who must provide a written report is also required to make certain disclosures, including their qualifications, compensation, and prior testimony. In the absence of a stipulation or court order, Rule 26(a)(2)(D) requires this disclosure to be made at least 90 days before trial. When the court

has entered a scheduling order, however, the court's deadlines control. "District courts have broad discretion to enforce deadlines set forth in scheduling orders." *Eaglin v. Tex. Children's Hosp.,* 801 F. App'x 250, 254 (5th Cir. 2020) (citing *Culwell v. City of Fort Worth,* 468 F.3d 868, 872 (5th Cir. 2006)). Here the matter is controlled by the court's scheduling order. Doc. 24.

The court must first determine whether defendant's disclosure of Jonathon Walter was timely. The scheduling order set the defendant's expert information/report deadline for June 14, 2021. Doc. 24. Defendant based its request for an extension of this deadline specifically on the inability to obtain a second medical opinion with a neurologist regarding the treatment of Plaintiff Sarah Guillory. Doc. 26. Indeed, the magistrate judge asked whether plaintiffs objected to defendant's request on an extension to provide "an" expert report. Doc. 33-2. Thus, considering defendant characterized its request as one solely for a second medical opinion, the court's June 4, 2021, order is limited to an extension of the deadline for that purpose. Accordingly, the court will examine defendant's late designation as a request to modify the scheduling order.

Under Federal Rule of Procedure 16(b), a scheduling order deadline will only be modified for good cause and with leave of the court. Fed. R. Civ. P. 16(b)(4). The court considers the following factors to determine whether good cause exists: (1) the explanation for the delay; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Brandon v. Sage Corp.,* 2014 WL 1092078 (W.D. Tex. Mar. 18, 2014) (citing *Reliance Ins. Co. v. La. Land*

*and Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)). Still, "district courts have 'wide latitude' and are allowed to act with 'intelligent flexibility' in allowing parties to designate experts beyond the deadline." *Id.* (quoting *Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996, 1000 (5th Cir. 1998)). Indeed, the court has the power to control its docket "by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 258 (5th Cir.1997) (citing *Turnage v. Gen. Elec. Co.,* 953 F.2d 206, 208–09 (5th Cir.1992)).

Here, defendant has set forth no convincing explanation for the delay. As for the second factor, defendant contends that this expert's opinions will provide the court with information regarding causation "that other witnesses cannot offer." Doc. 33. However, the court granted defendant an extension to seek a second medical opinion of an expert who can testify about the matter. Moreover, any argued "importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990). As for the prejudice prong, defendant argues that under the scheduling order, plaintiffs "would have had Dr. Walter's name only nine days sooner, and his report only 14 days sooner," and that "[t]here simply is no real prejudice to Plaintiffs" with defendant's untimely designation. Doc. 33. However, "even a minor delay in complying with disclosure requirements may disrupt an opponent's preparation for trial." *Elliot v. Amadas Industries, Inc.,* 796 F. Supp. 2d 796, 804 (S.D. Miss. 2011) (citing *Geiserman,* 893 F.2d at 791). In fact, in *Geiserman v. MacDonald,* the United States Fifth Circuit Court of Appeals emphasized that "[a]lthough [the defendant]

4

might not suffer the degree of surprise associated with the last-second designation of an unscheduled witness," a two week delay in disclosing the expert witness was sufficient to disrupt the court's discovery schedule and the opponent's preparation for trial. 893 F.2d at 791.

Finally, although a continuance may cure any prejudice to plaintiffs, it would "also result in additional delay, increase the expense incurred by all parties to this lawsuit, and require the expenditure of further Court resources." *Elliot,* 796 F. Supp. 2d at 804 (citing *Hamburger v. State Farm Mut. Auto Ins. Co.,* 361 F.3d 875, 883 (5th Cir. 2004)). Furthermore, "a continuance does not in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" *Barrett v. Atl. Richfield Co.,* 95 F.3d 375, 381 (5th Cir. 1996) (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990)). Accordingly, the balance of the factors favors excluding the testimony of defendant's untimely designated expert witness.

## III.
### Conclusion

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 28] be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on this 15th day of July, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**